Rui v. Lynch

BIA
Wright, IJ
A201 155 005

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of January, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

QUI JI RUI, AKA JI RUI QUI, AKA JI RUI,
> *Petitioner,*

v.                                          13-4748
                                            NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,*
> *Respondent.*

_____

FOR PETITIONER:         Richard Tarzia, Belle Mead, New Jersey.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Regina Byrd, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qui Ji Rui, a native and citizen of China, seeks review of a November 22, 2013, decision of the BIA, affirming the June 6, 2012, decision of an Immigration Judge ("IJ"), which denied his application for asylum and withholding of removal. *In re Qui Ji Rui*, No. A201 155 005 (B.I.A. Nov. 22, 2013), *aff'g* No. A201 155 005 (Immig. Ct. N.Y. City June 6, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

For asylum applications like Rui's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements and other record evidence, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Substantial evidence supports the agency's adverse credibility determination.

First, the agency reasonably found inconsistent Rui's statement in his asylum application that his father is a Christian, his testimony that his father is not a Christian, and his witness's testimony that his father is a Christian. The agency further reasonably found inconsistent his application, testimony, and mother's letter regarding where his brothers reside and whether they were arrested on account of their religion in China. *See*

3

id. at 166 n.3, 167.  Rui failed to provide compelling explanations for these inconsistencies.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The IJ also reasonably found it implausible that the police immediately discovered Rui's identity and home address after an attempted raid on a Christian gathering he attended.  *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007); *see also Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (providing that an implausibility finding that is based on "speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience."). Rui testified that he had not previously attended such a gathering, did not know most of the members in attendance, and had never been arrested or involved in any underground church activity.  Having questioned Rui's credibility, the agency reasonably relied further on his failure to provide certain credible evidence corroborating his claim or

rehabilitating his testimony.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).  Given the inconsistency, implausibility, and corroboration findings, the totality of the circumstances supports the agency's adverse credibility determination.  *See Xiu Xia Lin*, 534 F.3d at 167.  That determination is dispositive of asylum and withholding of removal, as those claims are based on the same factual predicate.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk